No. 86-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
LARRY D. JACOBSON,

            Petitioner and Appellant,
    and

ROBIN RAE JACOBSON,

            Respondent and Respondent.


APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

            Judith A. Loring, Stevensville, Montana
            Richard J. Andriolo; Scully, Lilly, Andriolo and
            Schraudner, Bozeman, Montana

    For Respondent:

            K. Dale Schwanke; Jardine, Stephenson, Blewett and
            Weaver, Great Falls, Montana


                    Submitted on Briefs:   June 25, 1987

                         Decided:   October 6, 1987

Filed:   OCT 6 - 1987

                    _Ethel M. Harrison_
            _____
                          Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner Larry D. Jacobson appeals a September 12, 1986, order of the Eighth Judicial District Court, Cascade County. The court awarded sole custody and $300 per month child support to Robin Rae Jacobson. We affirm.

Appellant Larry presents the following issues for our review:

1. Did the District Court abuse its discretion in granting sole custody to Robin?

2. Did the District Court abuse its discretion in setting child support at $300 per month?

3. Did the District Court abuse its discretion in establishing the visitation by Larry at one week every three months?

4. Did the District Court abuse its discretion in establishing the visitation by the paternal grandparents?

5. Did the District Court err in failing to hold Robin in contempt of court for disturbing Larry's visitation?

6. Did the District Court err in denying discovery of Robin's medical records?

7. Did the five-month period between trial and decree cause substantial prejudice to Larry?

8. Does substantial evidence support the District Court's order?

Respondent Robin cross-appeals with a single issue:

9. Did the District Court err in failing to award attorney fees to Robin?

Larry and Robin Jacobson were married in Great Falls, Montana, on January 2, 1982. One child, Lexi, was born of the marriage on January 21, 1984. Two months later, Larry petitioned for dissolution.

Following settlement attempts and continuances the District Court awarded temporary custody and child support to Robin on August 1, 1985. In February 1986, Larry petitioned the Supreme Court for a writ of supervisory control on a custody issue. We dismissed the petition without prejudice. The hearing on the present issues was completed on April 4, 1986. The District Court filed its decree on September 12, 1986, and Larry appeals.

Issue 1. Custody.

The District Court awarded sole custody to Robin, subject to reasonable visitation by Larry. Larry contends that the court did not consider all of the child's "best interests" factors of § 40-4-212, MCA.

In reviewing custody issues, we first determine if the factors of § 40-4-212, MCA, were considered by the District Court in its findings. If properly considered by the court, the appellant must show both a clear preponderance of evidence against the findings and an abuse of discretion in the court's conclusions. In Re Marriage of Manus (Mont. 1987), 733 P.2d 1275, 1276, 44 St.Rep. 398, 400.

The court issued nine findings relating to the custody issue. The court cited Robin's remarriage into a stable family environment, Robin's continuous custody of Lexi, Larry's sporadic visits, Larry's home environment, and Lexi's attitude toward each parent. The court touched upon all five factors of § 40-4-212, MCA. The record supports the court's findings and we see no abuse of discretion in its conclusions.

Larry further contends that joint custody is presumptively in the best interests of the child. Larry argues that joint custody is necessary because Robin has deprived Larry of adequate visitation.

3

Under § 40-4-223, MCA, joint custody is presumed to be in the child's best interests, unless the court finds under § 40-4-212, MCA, that joint custody is not in the child's best interests. If joint custody is not awarded, the court shall state the reasons in its decision.

The District Court specifically addressed the issue of joint custody. The court found that the parents were unable to communicate about Lexi, that Larry was inflexible, that Lexi had adjusted to Robin's home environment and that Lexi's interests were best served with sole custody to Robin. We have repeatedly recognized the propriety of a District Court's refusal to implement joint custody when such an award would not be in the best interest of the child. Manus, 733 P.2d at 1277.

Larry has failed to overcome the presumption that the District Court's judgment is correct. Parental cooperation is a key factor in an award of joint custody. The District Court saw no cooperation. Absent an abuse discretion, we will not disturb its decision.


Issue 2. Child Support.

The District Court ordered Larry to pay $300 per month child support and medical expenses. Larry contends that the court did not follow the formula of In Re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 500, 41 St.Rep. 2419, 2423. Larry argues that the support payments are excessive.

On appellate review, we will not overturn an award of child support unless there has been a clear abuse of discretion resulting in substantial injustice. In Re Marriage of Tonne (Mont. 1987), 733 P.2d 1280, 1285, 44 St.Rep. 411, 416.

In determining child support, the District Court must consider the needs of the child and the financial resources of the parents. Section 40-4-204, MCA. In Carlson, we

4

adopted an algebraic formula to calculate the amount of child support. However, we plainly stated that the Carlson formula is a guideline and not mandatory. Carlson, 693 P.2d at 499. Although the formula is recommended, the court can fashion support orders to fit the exigencies of the case. In Re Marriage of Goodman (Mont. 1986), 723 P.2d 219, 222, 43 St.Rep. 1410, 1415.

In eight findings, the District Court evaluated Lexi's needs and the ability of her parents to pay support. The court specifically stated why it did not apply the Carlson formula. The court found that Robin's net pay is $738 per month, that Robin has expenditures of $993 per month, that Larry could earn $13.00 per hour as a construction worker and that Larry can meet his expenses while paying the support. The District Court noted: "Larry Jacobson has apparently chosen a lifestyle which may have resulted in him earning less money than he is capable of earning."

If a parent chooses a lifestyle that results in diminished ability to pay child support, the court may consider that factor in establishing support payments. In Re Marriage of Rome (Mont. 1981), 621 P.2d 1090, 1092, 38 St.Rep. 50, 52. The record upholds the court's findings. We find neither abuse of discretion nor substantial injustice in the court's conclusion.

Issue 3. Visitation by noncustodial father.

The court awarded visitation to Larry for one week every three months plus holidays and Lexi's birthday. Larry contends that the visitation is unreasonable and that Lexi's interests are best served by seeing Larry more frequently.

Our review of this issue is guided by § 40-4-217(1), MCA, which states that the noncustodial parent is entitled to reasonable visitation rights unless the visitation would

5

seriously endanger the child's physical, mental, moral or emotional health.

The District Court noted that Lexi appears to suffer some emotional problems as a result of visitations with Larry, and was concerned about Larry's potential for chemical abuse. The court also found that Lexi suffered a physical injury as a result of Larry's carelessness.

The District Court's visitation schedule was born of concern for Lexi's health. Larry's visitations were not precluded but merely limited. Visitation rights should be arranged to suit the best interests of the child and not the parents. The District Courts possess wide latitude in determining visitation, having heard the testimony and observed the demeanor of the parties. In light of the evidence, we find that the visitation provisions are reasonable and proper.

Issue 4. Visitation by paternal grandparents.

The court allowed the paternal grandparents to visit Lexi when she is visiting Larry, and also at such times as are agreeable between them and Robin. Larry contends the visitation is not reasonable and that Lexi has been denied access to the other half of her extended family without justification.

We review this issue under the provisions of § 40-4-217(2), MCA, which states that a District Court may grant reasonable visitation rights to a grandparent if such visitation is in the child's best interests.

The paternal grandparents requested four weeks of visitation per year with Lexi. The District Court found that their request was not consistent with their infrequent prior contact with Lexi. However, the court granted them four total weeks per year plus holidays. The grandparents also

have the opportunity for additional visitation, conditioned on Robin's approval. Such a schedule is reasonable and provides adequate access to Lexi. We find no merit in Larry's contention.

Issue 5. Contempt of Court.

Larry moved that Robin be held in contempt for denying visitation to Larry on several occasions. The court rejected the motion, finding that Robin's denials were based on a concern for Lexi's health and not on a desire to restrict Larry's access to Lexi.

Contempt of court is a discretionary tool of the court to enforce compliance with its decisions. The power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court. In Re Marriage of O'Neill (1979), 184 Mont. 415, 417, 603 P.2d 257, 258. The District Court obviously felt no such need in this case and properly denied Larry's request.

Issue 6. Motion to Compel Discovery.

Larry moved to compel discovery of some of Robin's medical records, as relevant to Robin's fitness as a parent. The records concerned the hospitalization of Robin for a single alcohol-related incident during college. The lower court reviewed the material in camera and denied the motion, stating that the records were too remote in time to be relevant.

Larry has not shown that the ruling prejudiced his case, or that the incident bore significantly on Robin's fitness. On the contrary, the record repeatedly points to Robin's fitness as a parent. The denial of the motion lies squarely within the District Court's discretion, and we find that its decision was proper.

7

Issue 7. Procedural Delay.

Larry contends that a recess of three months during the hearing resulted in the absence of one of his medical experts and thus prejudiced his case.

We note, however, the District Court specifically acknowledged that it would allow other witnesses to testify when the trial reconvened, but did not want any "surprise witnesses." When the trial reconvened on March 31, 1986, Larry never called his medical witness. Furthermore, Larry never gave Robin notice of his intention to call the witness. We find no error by the court in Larry's trial decisions.

Larry further contends that the five-month period from the hearing until the decree prejudiced him because the court lost its "hands on" feel for the case. Larry asserts that the court adopted Robin's proposed findings virtually verbatim and thereby failed to exercise independent judgment.

The standard of review of findings made by a District Court is the same whether the District Court prepared the findings or adopted a party's proposed findings. In Re Marriage of LeProwse (Mont. 1982), 646 P.2d 526, 529, 39 St.Rep. 1053, 1056. Error occurs only when the proposed findings are relied upon to the exclusion of proper consideration of the facts and the failure to exercise independent judgment. In Re Marriage of Hunter (Mont. 1982), 639 P.2d 489, 495, 39 St.Rep. 59, 67.

Robin proposed thirty-one findings covering nineteen pages, with each finding supported by the record. She proposed nine conclusions covering two pages. Her proposals were reasonable and thorough. The District Court can adopt a party's proposed findings of fact and conclusions of law if they are sufficiently comprehensive and pertinent to the issues to provide a basis for a decision and are supported by

the evidence. Kowis v. Kowis (Mont. 1983), 658 P.2d 1084, 1088, 40 St.Rep. 149, 154.

The District Court substantially adopted Robin's proposed findings and conclusions, but not verbatim. The court properly considered the evidence and differed on four findings. The court also differed significantly on four conclusions of law; giving Larry the mobile home, giving Larry the income tax deduction for Lexi, and refusing to grant attorney fees to Robin. These changes favored Larry. As adopted, the District Court's findings were comprehensive and its conclusions were reasonable. We find that the District Court exercised independent judgment and properly balanced the interests of all parties.

Issue 8. Substantial Evidence.

Larry contends that the findings are not supported by substantial evidence. In order to prevail on this issue, Larry must show a clear preponderance of evidence against the findings and must overcome the presumption that the judgment of the trial court is correct. Bier v. Sherrard (Mont. 1981), 623 P.2d 550, 551, 38 St.Rep. 158, 159.

Larry's contention fails. The evidence long ago surpassed mere support. We stopped the flow of evidence in our order of December 12, 1986, and stated: "this Court's file in this matter is replete with documentation from both parties that has done nothing to further the resolution of this matter on appeal." We find no merit in this issue.

Issue 9. Attorney Fees.

The court ordered each party to pay its own attorney fees. Robin contends that she should have been awarded her fees.

9

Our standard of review on the payment of attorney fees is whether the court abused its discretion in refusing to award such fees. In Re Marriage of Gallinger (Mont. 1986), 719 P.2d 777, 783, 43 St.Rep. 976, 984. Under § 40-4-110, MCA, the trial court may order a party to pay the other party's fees after considering their respective financial resources.

The District Court was fully aware of the financial resources and burdens of the parties, as evidenced in a dozen findings. After assessing the information, the court properly concluded that neither party was entitled to attorney fees. We find no abuse of discretion.

We affirm on all issues.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10