No. 87-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
BECKY LYNN ERETH,

          Petitioner and Appellant,

    and

KENNETH ARTHUR ERETH,

          Respondent and Respondent.

---

APPEAL FROM: District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nye & Meyer; Joan Meyer Nye, Billings, Montana

    For Respondent:

        David L. Irving, Glasgow, Montana

---

Submitted on Briefs: June 2, 1988

Decided: July 12, 1988

Filed: JUN 1 2 1988

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Becky Lynn Ereth appeals the custody award and the property distribution in this dissolution of marriage entered by the District Court for the Fifteenth Judicial District, Sheridan County. We affirm.

Becky and Ken Ereth were married in 1973. They had four daughters. Becky petitioned for a dissolution of marriage in 1985. In September 1986, the court heard two days of testimony concerning custody and property distribution. The court, in January 1987, entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution. The court awarded custody of the four girls to the father as sole and permanent custodian and granted the mother reasonable visitation rights.

After initial review of the decree, this Court concluded that the lower court's findings on the question of child custody were incomplete. We therefore returned the matter to the lower court for the entry of findings of fact to address the elements set forth in § 40-4-212, MCA. After the lower court entered additional findings, the parties were given an opportunity to brief any new questions raised by the findings. We now consider the following issues:

1. Are the court's findings regarding custody supported by the evidence?

2. Did the court erroneously rely upon the father's proposed findings regarding property distribution?

I

Are the court's findings regarding custody supported by the evidence?

The mother contends that the District Court abused its discretion in awarding custody to the father because she believes there is a clear preponderance of evidence weighing

against the court's findings.  When reviewing the District Court's custody order, we first must determine whether the factors set forth in § 40-4-212, MCA, were considered.  In re Marriage of Jacobson (Mont. 1987), 743 P.2d 1025, 1026-27, 44 St.Rep. 1678, 1680.  Pursuant to this Court's order, the lower court expressly considered the necessary statutory factors in its additional findings.

Once it is established that the court properly considered the statutory criteria, we must determine whether the court made appropriate findings with respect to these criteria.  In re Marriage of Manus (Mont. 1987), 733 P.2d 1275, 1276, 44 St.Rep. 398, 400.  Section 40-4-212, MCA (1985), provided as follows:

> The court shall determine custody in accordance with the best interest of the child.  The court shall consider all relevant factors including:
> (1) the wishes of the child's parent or parents as to his custody;
> (2) the wishes of the child as to his custodian;
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
> (4) the child's adjustment to his home, school, and community; and
> (5) the mental and physical health of all individuals involved.

Findings of fact will not be set aside unless clearly erroneous.  Rule 52(a), M.R.Civ.P.  The long-standing rule in Montana is that we will not disturb findings of fact if they are supported by substantial credible evidence.

The lower court heard testimony from numerous witnesses, including experts, as to the issue of custody.  The court relied heavily upon the testimony and observations of two of the experts concerning the children's wishes,

3

interrelationship of the children with their parents, and the mental and physical health of all individuals. Those two expert witnesses had prepared the custody report ordered by the lower court. The parties agreed at trial that Mr. Jones, one of the experts, was a psychologist. Dr. Brown, the other expert, has a doctorate degree in educational psychology. After review of the record, we conclude that the court did not abuse its discretion in relying upon the testimony of these two experts.

The court specifically found that all four children stated a preference that they wanted to live with their father, that the parents were openly hostile with each other, that each parent was assessed as possessing adequate parenting skills, that significant problems were noted in the relationship between the mother and the children, that the mother was evaluated as having poor control emotionally and being over-reactive with the children, that the mother had been described as abusive toward the children at times, that the father was described as responsible, and that he had a good relationship with each of the girls. The court also found that the girls appeared to be well adjusted to the father's home, that two of them preferred the school closest to the father, and that the testimony established that the girls appeared to be well adjusted in the community. Further, the court found that all four children were well adjusted and healthy, with the exception of the oldest who suffers from a stress-related infection, and that the father was well adjusted and found to be without significant emotional problems. The court found that the mother is a recovering alcoholic who still drinks, that she was described as one who deteriorates with stress and is prone to anger and overreacting, and that she uses poor judgment.

A good deal of testimony was presented concerning these issues, and much of the testimony conflicted. However, the mother has failed to demonstrate that the court's findings and conclusions were clearly erroneous. After careful review of the record, we conclude that substantial credible evidence supports the court's findings. The mother has not shown an abuse of discretion. Therefore, we affirm the District Court's determination of custody.

## II

Did the court erroneously rely upon the father's proposed findings regarding property distribution?

The mother argues that the District Court adopted the findings proposed by the father and, as a result, failed to make findings supported by the evidence. We answered a similar argument in Jacobson, 743 P.2d at 1029:

> The District Court can adopt a party's proposed findings of fact and conclusions of law if they are sufficiently comprehensive and pertinent to the issues to provide a basis for a decision and are supported by the evidence.

The findings proposed by the father were sufficiently comprehensive and pertinent to the issues. The findings dealt specifically with each item or category of property for which there was evidence presented at the hearing. The mother's argument is that the findings are not supported by the evidence. Her position is that because the court required "compromise" findings, the court failed to give proper consideration to the facts and failed to exercise independent judgment in valuing the property. In Jacobson, 743 P.2d at 1029, we stated the applicable rule:

> The standard of review of findings made by a District Court is the same whether the District Court prepared the findings or adopted a party's

5

proposed findings. In Re Marriage of LeProwse (1982), 198 Mont. 357, 646 P.2d 526, 529, 39 St.Rep. 1053, 1056. Error occurs only when the proposed findings are relied upon to the exclusion of proper consideration of the facts and the failure to exercise independent judgment. In Re Marriage of Hunter (1982), 196 Mont. 235, 639 P.2d 489, 495, 39 St.Rep. 59, 67.

The values placed on certain marital property by the parties and their experts were widely divergent. During the hearing the judge actively participated in the process. He asked the witnesses numerous questions, seeking quantities and values for the assets and liabilities. The initial proposed findings were so far apart that the judge ordered the parties to propose compromises. The findings eventually adopted by the court for the most part represented average values between the parties' initial proposals. We have reviewed the evidence carefully and conclude that the evidence would not support the valuations, as a whole, proposed by the mother. The father's proposals represented average values. This Court has held that it is proper for a district court to value marital property within the range of evidence submitted. In re Marriage of Johnston (Mont. 1986), 726 P.2d 322, 325, 43 St.Rep. 1808, 1812. Further, a district court has broad discretion in determining net worth. Johnston, 726 P.2d at 325. We conclude that the evidence supports the findings.

We also note that the court's findings and conclusions differed from the father's proposals in several significant aspects beneficial to the mother. The court ordered the father to pay maintenance of $300 per month for two years. The court also ordered the father to pay the mother for her share in the balance of marital property in a payment scheme different than the father had proposed. The father also had

proposed to pay interest on outstanding equity payments; however, the court rejected that proposal.

We hold that the District Court properly considered the evidence and exercised independent judgment. We affirm the findings and conclusions regarding property distribution.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices