No. 89-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

IN RE THE MARRIAGE OF
SUE SANDERSON HOODENPYLE,

        Petitioner and Appellant,

   and

IVAN W. HOODENPYLE,

        Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Brett C. Asselstine, Great Falls, Montana

    For Respondent:

        Mike Fanning; Scott & Tokerud, Great Falls, Montana

_____

Submitted on Briefs:  Jan. 18, 1990

Decided:  February 14, 1990

Filed:

_____
                Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Sue Sanderson Hoodenpyle, petitioner and appellant, appeals from an order of the District Court of the Eighth Judicial District, Cascade County, denying her motion to modify custody. We affirm.

This Court summarizes the issue on appeal as whether the District Court erred in finding that appellant failed to establish the statutory factors set forth in § 40-4-219, MCA, as required for a modification of custody.

The parties were married on February 5, 1983. Two children were born of the marriage--Sheila Ann and Mitchell Gary, both preschoolers. On September 10, 1987, Sue filed a petition for dissolution of the parties marriage. Both parties sought custody and Ivan Hoodenpyle, respondent, was granted temporary custody during dissolution proceedings. Subsequently, the parties stipulated that Ivan would have temporary custody. A decree of dissolution was entered on February 2, 1988, which granted the parties joint custody with Ivan as the primary custodian. The parties both resided in Cascade, Montana, at that time. Sue had visitation of the children alternating weeks although no specific visitation order was put into effect. Sue was ordered to maintain a health insurance policy on the children.

Also on February 2, 1988, Sue remarried and twin daughters have since been born of the marriage. Sue and her new family continue to reside in Cascade while Ivan now resides with the children in Great Falls, Montana.

On June 6, 1988, Sue filed a motion to modify custody, which was resisted by Ivan. The parties stipulated to a homestudy on each of the parties. The homestudy was conducted by a social worker employed by the Department of Family Services.

A hearing on the matter was held on April 7, 1989. Several witnesses testified, including the social worker who conducted the homestudy, and exhibits were introduced, including the homestudy

report of the Department of Family Services. The social worker testified as to her home investigations as documented in the homestudy report. She stated that Ivan's housekeeping standards were "marginal" but that her investigation of his home did not reveal any evidence of dirty dishes, dirty laundry, or garbage. The social worker further testified that Sue was a better disciplinarian but other testimony revealed that disciplinary measurers taken by Ivan were very similar. The social worker also stated that when she visited Ivan's home, Mitchell "looked real scruffy." However, the social worker did testify that the children, who had arrived at Sue's home from Ivan's home, were well dressed and well kept. The homestudy report also set forth the statements of Sheila's preschool teacher who stated that there was not any difference in Sheila's "dress, hygiene and attitude" despite which parent had physical custody of her.

On April 13, 1989, the District Court entered its findings of fact, conclusions of law and order. The court denied Sue's motion to modify the joint custody arrangement and ordered a continuation of child support and health insurance plans set forth previously. The court further ordered that Sue shall have visitation of the children on alternate weeks until their school schedule makes the arrangement impracticable. From the order Sue appeals.

The standard of review in a custody determination is that this Court will not disturb a district court's findings unless there is a "clear preponderance of evidence against such findings." Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944. See also In re the Marriage of Ereth (Mont. 1988), 757 P.2d 1312, 45 St.Rep. 1223. The District Court's order will be upheld unless a clear abuse of discretion is shown. In Re the Marriage of Rolfe (1985), 216 Mont. 39, 699 P.2d 79, 82.

Here, Sue alleges that, because the homestudy report recommended physical custody of the children be awarded to her, the District Court erred in continuing the joint custody arrangement on an alternating weekly basis with Ivan as primary custodian. We disagree.

3

Montana favors joint custody. Section 40-4-222, MCA. An award of joint custody, in accord with § 40-4-223, MCA, is to be made according to the best interests of the child as set forth in § 40-4-212, MCA.

Here, the District Court instituted a joint custody arrangement where Sue would have visitation alternating weeks until the arrangement interfered with the children's school schedule. Both children are of preschool age.

Once a custody arrangement is established, a party may move for modification under § 40-4-219, MCA. However, one moving for a modification under the statute must prove that a change has occurred in the circumstances of the children or custodian that necessitates the change in accord with the best interest considerations set forth in § 40-4-212, MCA. Section 40-4-219, MCA, provides:

> The court may <u>in its discretion modify a prior custody decree</u> if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the entry of the prior decree, that a change has occurred in circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child <u>and it if further finds</u> that:
>
> . . .
>
> (c) the child's present environment <u>endangers seriously</u> his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him. (Emphasis ours.)

Here, while the record reflects that Sue's home may be better maintained, we cannot say that Ivan's housekeeping shortcomings endanger the children seriously in any way. Sue has failed to convince this Court, as she failed to convince the District Court, that a change in circumstances has occurred which necessitates a modification of custody in accord with the best interests of the children. There was no abuse of discretion.

Affirmed.

_____
                        Justice

We Concur:

_____

_____

_____
              Justices

Justice Diane G. Barz dissenting.

I would reverse and remand this case for further consideration of evidence concerning Ivan Hoodenpyle's fitness to serve as residential custodian of Sheila and Mitchell.

Appellant Sue Fey met the jurisdictional test of § 40-4-219(1), MCA, justifying the District Court's determination of a modification of custody. Both the majority in this opinion and the District Court focused on the least significant and most superficial issue raised in regard to the potential for serious endangerment to these children: Respondent's ability as a housekeeper.

The majority disregards evidence of respondent's abuse of various chemical substances. Respondent reportedly had difficulty relating to the children of a woman he lived with for an extended period prior to marrying appellant. These difficulties extended to respondent's verbal abuse of the children, a pattern carried out in his treatment of Sheila and Mitchell during the home investigation conducted by Jan Schindell. Respondent further has a history of domestic abuse, and was once arrested on such a charge. There is evidence respondent repeatedly left Mitchell and Sheila in the care of Ron Latin who was recently convicted of selling illegal drugs. Respondent demonstrated marked bitterness and hostility toward appellant and refused to desist in his criticism of her in the presence of the children even when requested to do so by the social worker. Appellant indicates that respondent has interfered with her visitation. The respondent in

fact requested that the lower court reduce her visitation to one weekend per month. While there is evidence of the children's good physical health and acceptable appearance, I would point out that Sheila and Mitchell spent every other week with appellant during the time period in which Jan Schindell conducted the home study. The home study indicates appellant's home is comfortable and the environment stable and nurturing. Sheila and Mitchell appeared to relate well to their step-father and baby sisters.

Respondent's substance abuse, his history of domestic violence and verbal abuse create a very real potential for the serious endangerment of the physical, mental and emotional well-being of these young children. Having leapt the jurisdictional hurdle, the District Court must consider the best interests of the children. In this case, their best interests certainly lies with appellant. The potential for harm far outweighs the negative impact of a change in custody mitigated in any event by the rotating visitation schedule.

Recently we held that when a step-parent's verbal hostility coupled with periodic substance abuse created an unpleasant home environment the District Court properly modified custody. In re the Marriage of Anderson (Mont. 1989), 783 P.2d 1372, 46 St.Rep. 2155. The only physical abuse alleged in that case was committed by the step-parent against the family dog. The facts of the instant case give more immediate and compelling cause for concern.

_____
                Justice