JUSTICE HUNT
delivered the Opinion of the Court.
Sue Sanderson Hoodenpyle, petitioner and appellant, appeals from an order of the District Court of the Eighth Judicial District, Cascade County, denying her motion to modify custody. We affirm.
This Court summarizes the issue on appeal as whether the District Court erred in finding that appellant failed to establish the statutory factors set forth in sec. 40-4-219, MCA, as required for a modification of custody.
The parties were married on February 5, 1983. Two children were born of the marriage — Sheila Ann and Mitchell Gary, both preschoolers. On September 10, 1987, Sue filed a petition for dissolution of the parties’ marriage. Both parties sought custody and Ivan Hoodenpyle, respondent, was granted temporary custody during dissolution proceedings. Subsequently, the parties stipulated that Ivan would have temporary custody. A decree of dissolution was entered on February 2, 1988, which granted the parties joint custody with Ivan as the primary custodian. The parties both resided in Cascade, Montana, at that time. Sue had visitation of the children alternating weeks although no specific visitation order was put into effect. Sue was ordered to maintain a health insurance policy on the children.
Also on February 2, 1988, Sue remarried and twin daughters have since been born of the marriage. Sue and her new family continue to reside in Cascade while Ivan now resides with the children in Great Falls, Montana.
On June 6, 1988, Sue filed a motion to modify custody, which was resisted by Ivan. The parties stipulated to a homestudy on each of the parties. The homestudy was conducted by a social worker employed by the Department of Family Services.
A hearing on the matter was held on April 7, 1989. Several witnesses testified, including the social worker who conducted the homestudy, and exhibits were introduced, including the homestudy report of the Department of Family Services. The social worker testified as to her home investigations as documented in the homestudy report. She stated that Ivan’s housekeeping standards were “marginal” but that her investigation of his home did not reveal any evidence of dirty dishes, dirty laundry, or garbage. The social worker *347 further testified that Sue was a better disciplinarian but other testimony revealed that disciplinary measures taken by Ivan were very similar. The social worker also stated that when she visited Ivan’s home, Mitchell “looked real scruffy.” However, the social worker did testify that the children, who had arrived at Sue’s home from Ivan’s home, were well dressed and well kept. The homestudy report also set forth the statements of Sheila’s preschool teacher who stated that there was not any difference in Sheila’s “dress, hygiene and attitude” despite which parent had physical custody of her.
On April 13, 1989, the District Court entered its findings of fact, conclusions of law and order. The court denied Sue’s motion to modify the joint custody arrangement and ordered a continuation of child support and health insurance plans set forth previously. The court further ordered that Sue shall have visitation of the children on alternate weeks until their school schedule makes the arrangement impracticable. From the order Sue appeals.
The standard of review in a custody determination is that this Court will not disturb a district court’s findings unless there is a “clear preponderance of evidence against such findings.” Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944. See also In re the Marriage of Ereth (1988), 232 Mont. 492, 757 P.2d 1312, 45 St.Rep. 1223. The District Court’s order will be upheld unless a clear abuse of discretion is shown. In Re the Marriage of Rolfe (1985), 216 Mont. 39, 699 P.2d 79, 82.
Here, Sue alleges that, because the homestudy report recommended physical custody of the children be awarded to her, the District Court erred in continuing the joint custody arrangement on an alternating weekly basis with Ivan as primary custodian. We disagree.
Montana favors joint custody. Section 40-4-222, MCA. An award of joint custody, in accord with sec. 40-4-223, MCA, is to be made according to the best interests of the child as set forth in sec. 40-4-212, MCA.
Here, the District Court instituted a joint custody arrangement where Sue would have visitation alternating weeks until the arrangement interfered with the children’s school schedule. Both children are of preschool age.
Once a custody arrangement is established, a party may move for modification under sec. 40-4-219, MCA. However, one moving for a modification under the statute must prove that a change has occurred in the circumstances of the children or custodian that neces *348 sitates the change in accord with the best interest considerations set forth in sec. 40-4-212, MCA. Section 40-4-219, MCA, provides:
“The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to tbe court at the time of the entry of the prior decree, that a change has occurred in circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child and it if further finds that:
“(c) the child’s present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him.” (Emphasis ours.)
Here, while the record reflects that Sue’s home may be better maintained, we cannot say that Ivan’s housekeeping shortcomings endanger the children seriously in any way. Sue has failed to convince this Court, as she failed to convince the District Court, that a change in circumstances has occurred which necessitates a modification of custody in accord with the best interests of the children. There was no abuse of discretion.
Affirmed.
JUSTICES SHEEHY, WEBER and McDONOUGH concur.