No. 98-002

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 211N

IN RE THE MARRIAGE OF

KEREN W. WILSON,

Petitioner and Respondent,

and

GARY V. WILSON,

Respondent and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul Neal Cooley; Skelton & Cooley, Missoula, Montana

For Respondent:

Paulette C. Ferguson, Attorney at Law, Missoula, Montana

Submitted on Briefs: July 16, 1998

Decided: August 25, 1998

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Gary V. Wilson (Gary) appeals from the decision of the Fourth Judicial District Court, Missoula County, finding Gary in contempt for failure to pay arrearages in child support, medical expenses and other debts attributed to Gary in the Wilsons' dissolution decree. The District Court refused to redistribute marital property which Gary contends was inappropriately distributed during the parties' 1994 dissolution. The court found that Gary failed to show changed circumstances supporting his motion for reduction of child support. As a result of these rulings, Gary contends that he has been denied due process and seeks a hearing with a new judge. We affirm.**

Factual and Procedural Background

¶ Keren W. Wilson (Keren) petitioned for dissolution in March 1991. The District Court entered a final decree in May 1994, which was amended in July 1994. Gary appealed to this Court from the amended decree. In 1995, this Court affirmed the District Court's amended findings of fact, conclusions of law and decree. In February 1997, Keren moved the District Court for relief as a result of Gary's alleged failure to comply with the decree. Specifically, Keren asserted that Gary had not paid child support for several months and had not paid child support arrearages in excess of $4,000. In addition, Gary had failed to pay medical and dental expenses for their child, Sammie, in accordance with the decree. Finally, Keren claimed that Gary resides on land, which was awarded to Keren, for which he has not paid rent. As a result of Gary's failure to abide by the decree, Keren requested that he be held in contempt.

¶ In the amended decree, Keren was awarded the Flathead County property and was ordered to pay Gary $10,000 for the increased value of that property. Keren, however, in her motion for contempt requested that in exchange for the past due amounts owed by Gary, she be relieved from paying him the $10,000. In conjunction with her motion for contempt, Keren filed an itemized list of Gary's outstanding debts which amounted to approximately $10,000.

¶ Gary objected to Keren's motion contending that he and Keren had reached an oral agreement which relieved him of the amounts owing under the decree. In addition, Gary denied owing any rent. Gary requested that the District Court impose sanctions against Keren for violation of Rule 11, M.R.Civ.P. In addition to objecting to Keren's motions, Gary filed a motion to modify child support requesting that his child support payments be reduced. Finally, Gary requested that certain personal property, which he claimed was inappropriately distributed in the 1994 proceeding, be redistributed by the District Court pursuant to Rule 60(b), M.R.Civ.P.

¶ The District Court held hearings on the pending motions. During the course of the hearings, it became clear to Gary that the District Court was not addressing the specific motions he had made. Toward the end of the hearing, Gary asked that his motions be addressed. The District Court inquired as to whether Keren had had an opportunity to respond to Gary's motions. Keren indicated that she had not. The District Court ordered Keren to respond to Gary's motions. In addition, the court

indicated that it "[would] schedule an additional hearing *if necessary* as soon as the briefing [was] completed." (Emphasis added.) Thereafter, Keren filed responses to Gary's motions to which Gary filed a reply document.

¶ The District Court entered its findings of fact, conclusions of law and order on September 15, 1997 holding Gary in contempt and finding that Gary was deficient in his payments to Keren in an amount exceeding $10,000. In addition, the court determined that Gary failed to show changed circumstances warranting a modification to child support, that Gary failed to make a showing of exceptional circumstances allowing the court to redistribute assets from the 1994 property distribution and that Gary's motions were vexatious, harassing and had no legal basis.

¶ The District Court held, however, that Gary's contempt was purged by the court's order satisfying Gary's outstanding debt to Keren by offsetting such debt with Keren's obligation to pay Gary $10,000 under the decree. In addition, the court denied Gary's motion to modify child support and ordered that Gary pay Keren's attorney fees incurred in defending against Gary's vexatious, harassing motions. Gary moved to set aside the District Court's findings, conclusions and order claiming that he had been denied a hearing on his motions. During a hearing on Keren's award of attorney fees, Gary made an offer of proof regarding the court's denial of a hearing on his motions. The District Court refused his offer of proof. Gary appeals from the District Court's findings, conclusions and order, and from its denial of a hearing on his motions. We address four issues on appeal.

¶ 1) Did the District Court err in holding Gary in contempt for violating the terms of the decree of dissolution?

¶ 2) Did the District Court deny Gary due process by failing to conduct a hearing on his motions?

¶ 3) Did the District Court abuse its discretion in determining that Gary failed to show changed circumstances warranting a reduction in child support payments?

¶ 4) Did the District Court err in denying Gary's request to redistribute property and in awarding attorney fees to Keren?

I

¶ 1) **Did the District Court err in holding Gary in contempt for violating the terms of the decree of dissolution?**

¶ **Gary appeals from the District Court's order finding him in contempt for failure to meet his obligations under the decree of dissolution. We have held that, although contempt orders are final and not reviewable on appeal, except by writ of certiorari, an exception is created for contempt orders in family law cases. Heath v. Heath (1995), 272 Mont. 522, 527, 901 P.2d 590, 593.**

¶ **In Woolf v. Evans (1994), 264 Mont. 480, 483, 872 P.2d 777, 779, we held that "[c]ontempt of court is a discretionary tool used to enforce compliance with a court's decisions. The power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court." Woolf, 264 Mont. at 483, 872 P.2d at 779 (citing In re Marriage of Jacobson (1987), 228 Mont. 458, 464, 743 P.2d 1025, 1028). In reviewing contempt proceedings, we determine whether substantial evidence supports the judgment of contempt, and whether the district court had jurisdiction to issue the order. Marks v. First Judicial Dist. Court (1989), 239 Mont. 428, 430, 781 P.2d 249, 250; State ex rel. Foss v. District Court of Fourth Jud. Dist. (1985), 216 Mont. 327, 331, 701 P.2d 342, 345; Matter of Graveley (1980), 188 Mont. 546, 555, 614 P.2d 1033, 1039. Gary does not contend that the District Court lacked jurisdiction to enter the contempt order. Therefore, we limit our review to whether substantial evidence supports the judgment of contempt.**

¶ **The District Court determined that Gary failed to pay child support arrearages, failed to pay medical and dental expenses for Sammie, failed to pay current child support amounts and failed to pay credit card and tax debts, all in violation of the decree of dissolution. In addition, the court found that Gary owed Keren past due rent. In all, the District Court determined that Gary's obligations to Keren exceeded $10,000. As a result of his failure to abide by the court's decree, the District Court held Gary in contempt. However, the court determined that Gary's contempt was purged by the $10,000 offset which Keren sought for monies she owed him on the Flathead County property. We determine that there is substantial evidence supporting the District Court's judgment of contempt. The District Court did not err in holding Gary in contempt for failure to abide by the decree.**

## II

**¶ 2) Did the District Court deny Gary due process by failing to conduct a hearing on his motions?**

**¶ Gary seeks to invoke § 3-1-518, MCA, which he interprets as guaranteeing him "the right to have a hearing when he is charged with contempt." Moreover, Gary asserts generally his rights to due process pursuant to Article II, Section 17 of the Montana Constitution which guarantees that life, liberty and property shall not be taken without due process of law. Gary maintains that his motions were denied by the District Court without a hearing and thus without due process of law.**

**¶ We determine, first, that the statutory provision which Gary seeks to invoke regarding contempt does not apply to this case. Specifically § 3-1-518, MCA, provides that a person who has been arrested or has appeared before a judge will be entitled to a hearing on the contempt charge. Section 3-1-518, MCA, does not apply, however, to a case such as this where Gary was neither arrested nor brought before a judge on his contempt charges. Gary received no penalty or time of imprisonment as a result of his failure to abide by the court's order. Moreover, we determine that Gary received all the process that was due. The District Court held hearings on Keren's contempt motion on June 4, 1997 and June 16, 1997. Gary was present at both hearings, represented by counsel and given an opportunity to defend against the contempt charges. Gary was not denied due process of law regarding the contempt charges.**

**¶ In addition, we determine that Gary was not denied his constitutional right to due process as a result of the District Court's failure to hold another hearing on the matters at issue. In marital cases, as in other cases, the essential elements of due process are notice and an opportunity to be heard. <u>See</u> In re Marriage of Robbins (1985), 219 Mont. 130, 138, 711 P.2d 1347, 1352. As explained above, the District Court held hearings on the pending motions on June 4, 1997 and again on June 16, 1997. During those hearings, Gary testified at length before the court, entered exhibits in support of his claims, and fully participated in the proceedings. During the course of those proceedings, the District Court realized that Gary, in responding to Keren's motions, had presented motions of his own. As a result, the District Court gave Keren an opportunity to respond to Gary's motions and indicated that "if necessary" it would hold another hearing. The District Court did not hold a third**

hearing. Rather, it entered its findings of fact, conclusions of law and order based on the evidence presented at the June 4 and 16 hearings, on the briefs of the parties, and on the record.

¶ Gary now claims that he was denied due process as a result of the court's failure to hold another hearing. Keren maintains that this issue is controlled by Rule 2(c), M. Unif.Dist.Ct.R., which gives a district court discretion to determine whether to hold hearings on particular matters. We agree that the District Court has discretion to determine whether to hold a hearing or whether the court has sufficient evidence before it to render a decision. The District Court clearly determined that it had sufficient evidence to render decisions on the pending motions. The procedure utilized by the District Court provided Gary with notice and an opportunity to be heard. We determine that the District Court did not deny Gary due process by failing to hold another hearing on the pending motions.

III

¶ 3) Did the District Court abuse its discretion in determining that Gary failed to show changed circumstances warranting a reduction in child support payments?

¶ Section 40-4-208(2)(b)(i), MCA, provides that a modification for support may only be made "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. . . ." The District Court determined that Gary had failed to show changed circumstances allowing a modification to child support. We review a district court's findings of fact and conclusions of law which underlie an order for the modification of child support to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. We review the court's overall decision regarding modifications to child support to determine whether the court abused its discretion. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 863.

¶ In support of his motion to modify child support payments, Gary contended that his income had decreased from $12,000 to $6,000. Gary did not indicate any reasons for the decrease in his income or allege that the decrease was continuing. The District Court, as a result, denied Gary's motion to modify child support finding that Gary had failed to show changed circumstances so substantial and continuing as to make the terms unconscionable. Specifically, the District Court found that Gary's recent

purchase of land in Frenchtown and a settlement he received from Montana Rail Link seemed to indicate that he was actually better off now than at the time of the decree. We determine that the District Court's findings are not clearly erroneous. The District Court did not abuse its discretion in denying Gary's motion for modification to child support.

IV

¶ 4) Did the District Court err in denying Gary's request to redistribute property and in awarding attorney fees to Keren?

¶ The District Court found that Gary's motions were vexatious and harassing. As a result, the court awarded Keren attorney fees incurred in defending against such motions. Gary alleges on appeal that his motions were based on Rule 60(b), M.R.Civ. P., that his motions were not vexatious and harassing, and that the court's award of attorney fees was improper.

¶ Rule 60(b), M.R.Civ.P., allows the court, upon a finding of fraud and upon such terms as are just, to reopen a judgment. Gary, in support of his motion for Rule 60 (b) relief, maintains that such relief applies to judgments dividing the marital estate. Gary alleged that Keren perjured herself during earlier hearings regarding particular items in the marital estate. Gary requested that, as a result of Keren's perjurious statements, the court reopen the judgment pursuant to Rule 60(b), M.R. Civ.P., and redistribute the marital estate. The District Court denied Gary's request and found that Gary's motion was without merit, was vexatious and harassing and, thus, awarded attorney fees to Keren.

¶ Pursuant to § 37-61-421, MCA, any attorney or party who unreasonably and vexatiously multiplies the proceedings may be required to pay the attorney fees, costs and expenses incurred by the opposing party. The language of the statute provides discretion to the district court in determining when such fees are appropriate. We determine that the District Court did not abuse its discretion in awarding attorney fees to Keren as a result of Gary's motions.

¶ As a final matter, Gary asserts that the District Court improperly valued a Mercedes automobile at $19,025 and that the actual value of that vehicle should have been $1,925. The parties owned several automobiles at the time of dissolution. The

court awarded a 1976 Mercedes automobile to Keren. Gary, however, sold that automobile and was required to reimburse Keren for its value of $1,925. The District Court, in its findings, listed Gary's outstanding debts to Keren. That list inaccurately indicated that the Mercedes had a value of $19,025. Gary asserts that the valuation by the District Court constitutes reversible error. We disagree.

¶ This error by the District Court was clearly clerical in nature. In addition, such clerical error did not result in an erroneous finding by the District Court. The District Court, in finding that Gary's debt to Keren exceeded $10,000 and in offsetting such debt against the $10,000 that Keren was obligated to pay under the decree, obviously valued the Mercedes at $1,925. If the court had actually valued the vehicle at $19,025 as Gary contends, Gary's debt to Keren would have exceeded $20,000. The District Court's clerical error in valuing the Mercedes automobile does not constitute reversible error. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

No