No. 99-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 71N

JOHNNIE (JONES) HEHN,

Co- Petitioner and Appellant,

and

WELDON D. JONES,

Co-Petitioner and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul Neal Cooley, Skelton & Cooley, Missoula, Montana

For Respondent:

Byron W. Boggs, Missoula, Montana

Submitted on Briefs: September 23, 1999

Decided: March 16, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Johnnie Jones Hehn (Hehn) appeals from the December 16, 1998 Order of the Fourth Judicial District Court, Missoula County, denying her request for an execution writ and/or Order to Show Cause regarding the alleged contempt of Respondent, Weldon D. Jones (Jones). We dismiss.

¶3.Hehn fails to make a statement of the issues presented for review. Jones' answer brief states the issues as:

I Whether the District Court's refusal to find a party in contempt is reviewable on appeal.

II Whether the refusal of the District Court to issue a writ of execution is reviewable on appeal.

## FACTUAL BACKGROUND

¶4.A final decree dissolving the marriage between the parties was entered August 19, 1981. For a period of time after the dissolution, Hehn went on public assistance and her obligation for support for that period was assigned to the State of Montana. The State of Montana sought the assistance of other states, including Arkansas, to collect unpaid child support from Jones.

¶5.On September 27, 1991, a judgment and order was entered in the Chancery Court of Independence County, Arkansas, granting the State of Montana a judgment against Jones. On September 2, 1998, Hehn filed a document titled "Motion To Hold Respondent in Contempt, Have Executin (sic) Writ Issued, With Supporting Affidavit and Brief." The District Court treated this document as a request for an order to show cause why Jones

should not be held in contempt for failure to pay child support.

¶6.On October 14, 1998, the District Court issued an Order To Show Cause directing Jones to appear and show cause why he should not be held in contempt. Jones replied in writing, informing the court of the Arkansas judgment and alleging that judgment had been satisfied. On November 5, 1998, the District Court vacated the hearing date and ordered Hehn to file a status report which would detail the involvement of Child Support Enforcement Agencies in Montana and Arkansas in regard to the above matter.

¶7.Both parties filed status reports with the District Court and on December 16, 1998, the court denied Hehn's motion of September 2, 1998, stating "[t]hese matters could have and should have been addressed to the Arkansas Court when the case was brought before it." Hehn now appeals that order.

¶8.I Whether the District Court's refusal to find a party in contempt is reviewable on appeal.

¶9.Because Hehn failed to set out the issues for review in this matter, it is difficult for this Court to properly address her appeal. In her "summary of the appellate argument," Hehn states:

[w]ith regard to the merits of the appeal, the District Court erred when it failed to issue a writ of execution and exercise jurisdiction to conduct a factual hearing on the amount due to [Hehn], whether the Arkansas judgment in favor of the State of Montana was res judicata on the issue of satisfaction of the support due [her].

¶10.Jones argues that a district court's refusal to find a party in contempt is not an order which this Court may review. Section 3-1-502(1), MCA, states;

if an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part or is granted conditionally, no subsequent application for the same order shall be made to any other judge, *except of a higher court.*

Section 3-1-502(1), MCA (emphasis added).

¶11.Rule 1, of the Rules of Appellate Procedure provides that in civil cases, a party may appeal from a judgment or order in the following cases:

(b) (1) From a final judgment entered in an action or special proceeding commenced in a district court, or brought into a district court from another court or administrative body. (2) From an order granting a new trial; or refusing to permit an action to be maintained as a class action; or granting or dissolving an injunction; or refusing to dissolve an attachment; from an order changing or refusing to change the place of trial . . . ; from an order appointing or refusing to appoint a receiver; or giving directions with respect to a receivership; or refusing to vacate an order appointing or affecting a receiver; from an order directing the delivery, transfer, or surrender of property; from any special order made after final judgment; and from such interlocutory judgments or orders, in actions for partition as determine the rights and interests of the respective parties and direct partition to be made.

Rule (1)(b)(1)(2), M.R.App.P.

¶12. Contempt of court is a discretionary tool used to enforce compliance with a court's decisions. The power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court. *In re Marriage of Jacobson* (1987), 228 Mont. 458, 464, 743 P.2d 1025, 1028. As a general rule, contempt orders are final and not reviewable by this Court except by writ of certiorari. Section 3-1-523, MCA. Any justice of the Supreme Court, in proceedings for contempt in the district court may grant a writ of certiorari (or writ of review). Section 27-25-102, MCA.

¶13. However, this Court has created an exception in family law cases to review contempt orders on appeal. *Woolf v. Evans* (1994), 264 Mont. 480, 483, 872 P.2d 777, 779. We limit our review to examining the record to determine whether the district court acted within its jurisdiction and whether the evidence supports the district court's findings with respect to the contempt. *Woolf*, 264 Mont. at 483, 872 P.2d at 779. We have applied that standard of review to a district court's failure to hold a party in contempt. *In re Marriage of Heath* (1995), 272 Mont. 522, 527-28, 901 P.2d 590, 593. Recently, however, we narrowed the "family law exception" to apply only when the judgment appealed from includes an ancillary order which affects the substantial rights of the involved parties. A lone contempt order, regardless of the underlying law of the case, cannot be reviewed by this Court on direct appeal. *See Lee v. Lee*, 2000 MT 67, ¶ 37, 56 St.Rep. ___, ¶ 37, ___ P.2d ___, ¶37. As a result, we will not review the District Court's refusal to find Jones in contempt on appeal.

¶14. II Whether the refusal of the District Court to issue a writ of execution is reviewable

on appeal.

¶15.Jones argues that because the denial of a writ of execution is not listed in Rule 1, M.R. App.P., as listed above, such an order is not reviewable by this Court on appeal. He claims instead, that the appropriate remedy for a party aggrieved by the refusal to issue a writ of execution is an application to this Court for a writ of mandamus compelling the District Court to grant the writ of execution.

¶16.We conclude that because the denial of a writ of execution is not listed in Rule 1, M.R. App.P., such an order is not reviewable by this Court on appeal. While this Court has original jurisdiction to issue writs of mandamus, certiorari, prohibition, injunction, and habeas corpus, Hehn makes no request for a writ within the jurisdiction of this Court. Section 3-2-202, MCA; see Art. VII,§§ 2, 4, Mont. Const. As a result, this Court has no jurisdiction to review her claim.

¶17.The appeal is hereby dismissed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART