No. 85-28

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
FRANCIS W. WENGELER,

       Petitioner and Appellant,

and

ELAINE WENGELER,

       Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Seventh Judicial District,
              In and for the County of Richland,
              The Honorable Russell McDonough, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Koch, Carter & Anciaux; Phillip N. Carter, Sidney,
          Montana

      For Respondent:

          Peter O. Maltese, Sidney, Montana

_____

Submitted on Briefs: Aug. 15, 1985

Decided: January 21, 1986

Filed:   JAN 21 1986

_____
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Francis W. Wengeler (husband) appeals from the judgment of the Seventh Judicial District Court for Richland County which awarded attorney fees to Elaine M. Wengeler (wife) and included a mobile home in the marital estate. We affirm the District Court.

The issues are:

1. Did the District Court err in including the mobile home in the marital estate?

2. Did the District Court improperly award attorney fees to the wife?

Husband and wife were married in 1962. Two daughters were born to the marriage, both of whom are now adults. In 1973, husband and wife purchased a Bonevilla mobile home, which they originally parked in Nashua, Montana. In 1975, the mobile home was moved to Reynolds, North Dakota, where it was parked on real property owned by the husband's father. At that time the wheels and axles were removed from the mobile home and it was placed on a concrete foundation. Husband argues that the placing of the mobile home on such a foundation constituted a transfer of the mobile home so that it no longer could be classed as a part of the marital estate. In his verified petition for dissolution, husband stated that the mobile home had been acquired by husband and wife and that it should be sold and the equity should be divided equally. By her answer, the wife admitted that the mobile home had been acquired by the husband and wife during their marriage. She suggested a different disposition than that asked by the husband. On August 4, 1982, the district judge signed the decree of dissolution, but reserved the determination of all other matters.

2

Both the husband and wife testified, without contradiction, to the following facts regarding the mobile home: the mobile home was purchased by the husband and wife; it was placed upon lots in North Dakota owned by husband's father; neither husband nor wife intended to transfer the mobile home to the husband's father by such placement; the father intended to transfer the lots to husband and wife upon payment of a small sum of money; husband's father transferred the lots on which the mobile home was situated to minor children of husband and wife; neither husband nor wife intended to transfer their interest in the mobile home to their children; husband continued to pay the taxes on the mobile home through 1982; the parties continued to pay the lending institution on the obligation incurred at the time of the purchase of the mobile home; and the home has been used by husband or wife, and was not occupied at the time of the divorce proceedings by the children who owned the lots.

I

Did the District Court err in including the mobile home in the marital estate?

In finding of fact VIII, the District Court found that the mobile home was a part of the marital property. The husband attacks that finding and the conclusion based upon the finding.

Husband contends that under the law of the state of North Dakota, real property includes that which is affixed to the land. A thing is affixed to the land when it is permanently attached by nails, bolts or screws. In addition, he argues that under North Dakota law when a person affixes his property to the land of another without any agreement permitting removal, the thing affixed belongs to the owner of the land. He therefore argues that the mobile home became

3

the property of his father, and now is the property of the children.

In finding of fact X, the District Court stated:

> The Court finds that Lots 13, 14, 15, and 16 of Block 22 of Reynolds City Second Addition in Reynolds, North Dakota upon which such mobile home is situated is owned by the two daughters of the parties hereto and that the parties have listed all of the marital property and the said lots for the price of Thirty-One Thousand Dollars ($31,000.00), which was their appraised value. That upon the sale of said lots, the daughters were to receive a portion of the proceeds in payment of such lots and the Court finds such portion of the proceeds was to be Three Thousand Dollars ($3,000.00) for each daughter. The Court finds that the total value of such marital assets is in the sum of Twenty-Five Thousand Dollars ($25,000.00).

We have reviewed the transcripts which contain substantial evidence to support the finding that there was an agreement under which the two daughters were to receive $3,000.00 each. Because of the presence of that agreement, there is no reason to be concerned with the technical question of the ownership of the lots as distinguished from the ownership of the mobile home itself. There is substantial evidence in the record to support the finding by the court that the lots plus the mobile home had a value of $31,000.00, and that $6,000.00 was to be allocated to the daughters, leaving $25,000.00 as the value of that portion of the marital estate.

We hold that the District Court was correct when it included the mobile home as a part of the marital estate.

II

Did the District Court improperly award attorney fees to the wife?

The husband argues that the District Court improperly ordered the husband to pay the wife's attorney fees. He bases this argument on cross-examination in which the wife testified that her present husband would be willing to help her pay attorney fees. She also testified that she felt it

4

was her obligation to pay them, and she would pay them without her present husband's help. In itself, that testimony is not determinative of the issue.

In finding of fact XVI, the District Court concluded that the wife did not have the means to pay attorney fees at the time of the inception of the divorce action and that she still does not have the means to pay such attorney fees. The record contains substantial evidence to support that finding.

We affirm the award of attorney fees by the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices