No. 88-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

IN RE THE MARRIAGE OF
DAVID L. PURDY,

           Petitioner and Appellant,

   and

MARCIA E. PURDY,

           Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
             In and for the County of Missoula,
             The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael Sol; Sol & Wolfe, Missoula, Montana

    For Respondent:

        Paulette Ferguson, Missoula, Montana

_____

Submitted on Briefs: October 6, 1988

Decided:  November 17, 1988

Filed:

_____
Clerk

FILED
'88 NOV 17 AM 11 09
MONTANA SUPREME COURT

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The husband appeals from the property settlement and maintenance award in this action for legal separation filed in the District Court for the Fourth Judicial District, Missoula County. We affirm.

The issues are:

1. Did the District Court err in failing to determine the value of marital property?

2. Did the District Court err in its distribution of marital property?

3. Was there error in the award of maintenance?

4. Did the District Court err in failing to determine and assign marital debts?

The parties married in 1960. The three children of the marriage have all reached the age of majority. The wife, who was 49 years old at the time of the proceeding before the District Court, has been a homemaker throughout the marriage. Husband, 46 years of age, has worked as a salesman, most recently in real estate. In 1981, he stopped working and left the family home. Since 1981, the parties have supported themselves primarily on the proceeds of their respective parents' estates. Husband has engaged in some stock option trading, but testified that he lost money overall in that venture.

Both parties testified at the hearing before the District Court that during the marriage, they acquired antiques, collectibles, and guns. Both received substantial ($100,000+) inheritances from their parents within the last several years. Their assets also include five automobiles, the family home in Florence, Montana, a rental property in Missoula, Montana, and a home purchased by the husband in Bellingham, Washington.

The court awarded the wife the family home and the Missoula rental property. It awarded the husband the home in Bellingham, Washington. The antiques, collectibles, and guns were divided according to the parties' temporary stipulation entered prior to the hearing. The court awarded the 1969 Lincoln, 1974 Cadillac, and 1978 Corvette to the wife and the 1974 Jeep Wagoneer and 1974 Ford Mustang to the husband. It also ordered the husband to pay the wife $300 per month in maintenance until her death.

I

Did the District Court err in failing to determine the value of marital property?

The husband argues that it was error for the District Court to adopt the wife's proposed findings and conclusions "almost verbatim" and to omit findings on whether the parties' inheritances from their parents were part of the marital estate. He also contends the court erred by distributing the antiques, collectibles, and guns according to the pre-hearing stipulation without assigning values to the various items.

Adoption of the wife's proposed findings and conclusions in itself is not grounds for reversal. We have stated that it is not error for a court to adopt a party's proposed findings and conclusions if they are sufficiently comprehensive and pertinent to the issues to provide a basis for the decision and are supported by the evidence. In re Marriage of Jacobson (Mont. 1987), 743 P.2d 1025, 1029, 44 St.Rep. 1678, 1683.

The court's treatment of the inheritances reflects the parties' division; he kept his and she kept hers. Neither party suggested different disposition of those amounts in the proposed findings and conclusions.

Both parties' proposed findings and conclusions included provisions adopting the temporary distribution of personal property, with the exception that the husband proposed that some disputed pistols and lamps should be awarded to him. The wife testified at trial that she felt she should have the pistols and lamps. According to the parties' stipulation, all unlisted property was to go to the wife. In adopting the stipulation, the lower court implicitly adopted that provision. We conclude that it was not necessary in this case that the court set forth in its findings a statement of the total value of the personal property. We hold that there is no error in the absence of such a finding.

II

Did the District Court err in its distribution of marital property?

The husband claims that the distribution of marital property was inequitable, was based in part on hearsay, and omitted consideration of his depletion or loss of inheritance. In considering this issue, the lack of verifiable information on the husband's financial situation weighs heavily against the husband.

The lower court found that, "Husband's testimony was characterized by incomplete and incorrect answers about his financial affairs." In his testimony before the court, the husband acknowledged holding certain bank accounts only in response to specific inquiries about them. He testified that he did not file income tax returns in 1984, 1985, 1986, or 1987, and did not offer tax returns as evidence. He did not present any probate records or other written record of his inheritance from his parents. He testified that he has suffered substantial losses in stock option trading, but failed to present evidence summarizing his stock market activities, although it appears that such a summary would

4

have been readily obtainable. The wife listed six different names and addresses the husband has used in the past few years. In light of all this, we conclude that the admission of a copy of an options trading account financial data form of the husband's, submitted by the wife, was not error. On that form, his net worth was stated as $500,000 and his yearly income as $65,000. Under the circumstances here presented, we hold that the husband has not shown that the distribution of marital property was inequitable.

### III

Was there error in the award of maintenance?

The husband argues that the court erred in finding that the wife could not work and that he could. He also claims error in the amount of maintenance awarded by the court.

Section 40-4-203, MCA, governs the award of maintenance:

> (1) In a proceeding for . . . legal separation . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
> (a) lacks sufficient property to provide for his reasonable needs; and
> (b) is unable to support himself through appropriate employment . . .
> (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:
> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . .
> (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
> (c) the standard of living established during the marriage;
> (d) the duration of the marriage;
> (e) the age and the physical and emotional condition of the spouse seeking maintenance; and

5

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The court found that the husband's health is good and that he is actively engaged in stock option trading and plans to resume his career as a real estate agent. It found that the wife's income from investment of her inheritance could be expected to be $1,000 per month and that her monthly expenses were $1,300. It further found that this income

> is not enough to enable her to live at a level that is reasonable given the standard of living established during the marriage. Her medical problems preclude employment. After many years of marriage, Wife is unable to work while Husband is actively engaging in stock option trading and plans to resume his formerly successful career as a real estate agent.

Evidence supporting the court's maintenance award included the testimony that the husband had worked outside the home throughout the parties' marriage and up until the last few years and the wife had not. Also, the wife suffers from systemic lupus erythematosus, which she testified affects the mobility of her joints. The wife testified that the husband had told her that he expected to be working within 6 months. The husband testified that he planned on taking the real estate examination in Washington. The wife testified that her monthly expenses were $919. This did not include clothing expenses and a yearly mortgage payment of $2,500. We conclude that the District Court has addressed the elements necessary under § 40-4-203, MCA, and that the maintenance award is not clearly erroneous.

IV

Did the District Court err in failing to determine and assign marital debts?

6

Neither party submitted any proposed findings or conclusions on the marital debts which the husband now states were not addressed. The husband did testify that there was approximately $3,000 on the Mastercard bill and approximately $300 on the Conoco bill. He did not offer copies of statements from either creditor to support those claims, nor did he offer any evidence in support of his claim that the wife had incurred the bills. In view of the absence of support in the record for these claims, we conclude that the District Court was not required to make findings or conclusions on them.

Affirmed.

_____
                    Justice

We Concur:

_____

_____

_____

_____
        Justices