JUSTICE HUNT
delivered the Opinion of the Court.
Petitioner/appellant, Jeff Smith, appeals from a final decree of dissolution from the Fourth Judicial District Court, Missoula County, ordering the establishment of a trust fund for the minor child and child support, reassigning custodianship of another trust account for the minor child, evaluating the marital estate, and awarding cash, monthly maintenance, and attorney fees to respondent, Lisa Smith.
We affirm in part, reverse in part, and remand for further proceedings in accordance with the provisions of this opinion.
Appellant raises the following issues on appeal:
1. Did the District Court err when it ordered Jeff to establish a $200,000 trust account for the parties’ minor child?
2. Did the District Court err when it ordered the minor child’s trust account to be set up under the joint control of petitioner and respondent?
3. Did the District Court erroneously evaluate the marital estate?
4. Did the District Court err when it awarded Lisa $500,000 in cash?
5. Did the District Court err when it awarded Lisa $1250 in monthly maintenance in addition to $500,000 in cash?
6. Did the District Court err when it awarded Lisa $1250 in monthly child support?
7. Did the District Court abuse its discretion when it ordered Jeff to pay Lisa’s attorney fees?
The parties married on June 21, 1986, at Buckingham, Virginia. It was Jeff’s third marriage, and Lisa’s second. Jeff is 34 years old and Lisa is 31. The parties have lived in Missoula since 1989. One child was born the issue of the marriage. The parties separated in February 1991 when the child was six months old. Lisa has provided the day-to-day care for the child. Jeff is frequently out of the Missoula area on trips, and during the separation he did not visit the child on *309 a regular basis. Lisa testified that the reasonable monthly expenses for her and the child are approximately $2500.
Jeff is a high school graduate. He attended college, but did not receive a degree. He attended outdoorsman school and is a certified dive master, a multi-engine rated pilot, and a licensed hot rod driver. Jeff has worked in Montana as a trapper, started a video business, and has been an entrepreneur. He inherited $1,696,164 in distributions from his mother’s estate, approximately $2.1 million dollars in insurance proceeds, and expects to receive approximately $6 million more from her estate.
Lisa is a high school graduate who also attended outdoorsman school and one adult education class each in art and photography. She has worked as a food preparer in a small cafe, as a farm hand on Jeff’s family horse farm in Virginia, and for a short time as a trapper. She aided her husband in the beginning of a video business and in a communications business. She has been a homemaker and a full-time mother of the parties’ minor child. In addition, she was a hostess for Jeff’s business clients in their home.
Jeff testified that he had intended to set up a trust fund for the child by purchasing an annuity, and that he had already researched the cost of the annuity. Also, prior to her death, Jeff’s mother gifted $20,000 to the parties’ minor child in the form of a check delivered to Montana, naming Jeff as the custodian of that account. Thereafter, Jeff borrowed $15,000 of the gift for his business, Underwater Fantaseas. Jeff maintained that the money had been invested, but the record does not reveal that he has protected the investment. Further, Jeff testified that he planned to sell one-half of the stock in the corporation to his companion for $1000.

ISSUE 1

Did the District Court err when it ordered Jeff to establish a $200,000 trust account for the parties’ minor child?
The District Court ordered Jeff to fund a $200,000 trust for the minor child by the purchase of an annuity. We have held that “there is an abuse of discretion where the court adopts a proposed trust that is beyond the authority of the court to order.” In re Marriage of Alt (1985), 218 Mont. 327, 334-35, 708 P.2d 258, 262. In a dissolution proceeding, § 40-4-202(2), MCA, governs whether a district court may set aside a portion of the marital estate in a trust for the benefit of the parties’ children. Section 40-4-202(2), MCA, provides:
*310 The court may protect and promote the best interests of the children by setting aside a portion of the jointly and separately held estates of the parties in a separate fund or trust for the support, maintenance, education, and general welfare of any minor, dependent, or incompetent children of the parties. [Emphasis added].
Here, the court exceeded the authority granted in § 40-4-202(2), MCA, to set up a trust. The record does not establish that the trust was needed for support, maintenance, education, and general welfare of the parties’ minor child until he reached majority. In fact, in addition to a $200,000 trust account, the court awarded Lisa $1250 per month in child support which, Lisa had stated, was the amount of monthly expenses necessary to support the child.
The District Court abused its discretion when it ordered Jeff to establish a $200,000 trust for the minor child, and we reverse on this issue.

ISSUE 2

Did the District Court err when it ordered the minor child’s trust account to be set up under the joint control of petitioner and respondent?
The gift to the parties’ minor child from Jeff’s mother was deposited by Jeff in a separate account and subsequently invested by Jeff in some of his enterprises. Apparently because there was joint custody of the parties’ minor child, the court directed the account be established with both Lisa and Jeff as custodians of the fund. In the decree of dissolution, the court ordered:
The petitioner shall immediately return the $20,000 plus interest he borrowed from the minor child. The money shall be deposited in a savings account in a reputable, secure financial institution. Both parties shall be trustee for the money and the money shall not be borrowed by either party. Prior to the time the child reaches the age of majority, the money [can] be used for educational or unusual expenses for the minor child.
We conclude that this order of the court will protect the interest of the minor child. We affirm on this issue.

ISSUE 3

Did the District Court erroneously evaluate the marital estate?
The District Court found that all assets acquired during the marriage should be included in an equitable distribution of the marital estate. The District Court failed to identify or describe the assets acquired during the marriage, or assign values to them, and *311 failed to consider the contingent liabilities associated with those assets. We hold that this was an abuse of discretion. Marriage of Dirnberger (1989), 237 Mont. 398, 401-02, 773 P.2d 330, 332. The court also abused its discretion for failure to follow the provisions of § 40-4-202, MCA.
We reverse the District Court on this issue and remand for a determination of the value of the estate in accordance with § 40-4-202, MCA.

ISSUE 4

Did the District Court err when it awarded Lisa $500,000 in cash?
In April 1991, several months after the parties separated, Jeff’s mother died leaving him $2.1 million in life insurance proceeds and over $7.6 million in inheritances.
The District Court found that Jeff’s prior-acquired, gifted, vested inheritance properties and property acquired during the marriage should be included in the marital estate and subject to an equitable division of assets and liabilities. The court then apportioned $500,000 to Lisa as a cash settlement.
While in a dissolution proceeding the trial comb has far-reaching discretion in making a determination as to whether an asset is included in the marital estate and in making the final property division, it still must comply with the statute governing division of property. Becker v. Becker (1985), 218 Mont. 229, 232, 707 P.2d 526, 528. Section 40-4-202, MCA, controls the division of property in a proceeding for dissolution, and provides in pertinent part:
(1)... the court... shall... finally equitably apportion between the parties the property and assets belonging to either or both .... In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent... the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which such contributions have facilitated the maintenance of this property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements. [Emphasis added].
Recently, we held that an inheritance received by one spouse during the parties’ separation, but before a decree of dissolution, could be included in the marital estate. Marriage of Isaak v. Smith *312 (1993), 257 Mont. 176, 848 P.2d 1014. In Isaak, we vacated the property distribution ordered by the district court that had excluded from the marital estate some of the property devised to the husband by his father’s will. The father built a home for the parties on a 21-acre parcel of land. The land and home were still in the father’s estate at the time of his death. The parties’ marriage was dissolved over seven months after the father died while the probate on the father’s estate was still open. The district court found that the father had intended a future gift of the home to the couple and included it in the marital estate. The court excluded from the marital estate the rest of the fathers’ estate that the husband inherited. We held that the district court properly included the 21-acre parcel and home under § 40-4-202, MCA, but should have included all of the inheritance property in the marital estate. We reasoned that although the parties had separated several months before the father’s death, at which time the husband’s inheritance vested, the parties had attempted to reconcile before and after the father’s death. The husband moved back into the home with the wife and the couple sought some marital counseling. We concluded that the appropriate result was that, on remand, the district court should include not only the 21-acre parcel and the home, but the other inherited property in the marital estate. However, we emphasized that the district court should be guided by all the provisions of § 40-4-202, MCA.
This case is distinguishable from Isaak in that, unlike the couple in Isaak, Jeff and Lisa had separated permanently before Jeff’s inheritance had vested. Regardless, we hold that the fact that an acquiring spouse may receive an inheritance after separation but prior to dissolution of the parties’ marriage does not, in and of itself, justify inclusion of the inheritance in the marital estate. What is key in a separation situation is that the district court apply the factors in § 40-4-202, MCA, before including inheritance property in the marital estate. The court cannot distribute to the non-acquiring spouse property acquired prior to the marriage or acquired by gift, bequest, devise, or descent when there is no evidence that the spouse made any contribution to those assets in any form.
Therefore, we overrule that portion of Isaak that allows a district court to distribute inheritance property in the marital estate without strict application of the factors set out in § 40-4-202, MCA.
It is clear from the record here that Lisa had nothing to do with the property to which Jeff became entitled after the separation. The District Court should not have distributed in the marital estate *313 properties that Jeff received after the parties separated, absent application of the factors in § 40-4-202, MCA. We hold that the court abused its discretion in including Jeff’s inherited property in the marital estate. We reverse the District Court on this issue.

ISSUE 5

Did the District Court err when it awarded Lisa $1250 in monthly maintenance in addition to $500,000 in cash?
For the reasons set forth in our holding in Issue 4, we reverse the District Court’s award of a $500,000 cash settlement and remand on the issue of monthly maintenance for a determination by the court on whether Lisa is entitled to maintenance, and if she is, what is reasonable maintenance under § 40-4-203, MCA.

ISSUE 6

Did the District Court err when it awarded Lisa $1250 in monthly child support?
Lisa testified that the total monthly expenses for her and the child were $2500. The District Court found that Lisa was entitled to $1250 in monthly child support for the minor child. We agree with Jeff that the District Court is bound to determine an award of child support pursuant to the factors set forth in § 40-4-204, MCA, as well as the Uniform Child Support Guidelines. The record does not reveal the basis for the support obligation under the Guidelines or why application of the Guidelines would be unjust or inappropriate. We hold that the District Court erred when it awarded $1250 in monthly child support, and remand for a redetermination of child support in accord with § 40-4-204, MCA, and the Guidelines.
We reverse and remand on this issue.

ISSUE 7

Did the District Court abuse its discretion when it ordered Jeff to pay Lisa’s attorney fees?
In a dissolution proceeding, “[t]he court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party....” Section 40-4-110, MCA. Recently, we have restated that the party receiving the award of attorney fees first must make a showing of necessity. Marriage of Welch (1993), 257 Mont. 222, 228, 848 P.2d 500, 503. We reverse and remand on the issue of attorney fees for a determination of whether or not there is a necessity for the award of attorney fees.
*314 We affirm in part, reverse in part, and remand for further proceedings in accordance with the provisions of this opinion.
JUSTICES HARRISON, GRAY, TRIE WEILER and NELSON concur.