No. 95-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE MARRIAGE OF

DOROTHY M. EVANS,

    Petitioner and Respondent,

and

WILLIAM M. EVANS, SR.,

    Respondent and Appellant.

FILED

FEB 27 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Robert M. Kampfer, Attorney at Law,
Great Falls, Montana

    For Respondent:

        Brenda R. Cole, Swandal, Douglass,
Frazier & Cole, Livingston, Montana


Submitted on Briefs:  February 1, 1996

Decided:  February 27, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal of an order of the Eighth Judicial District Court, Cascade County, granting Dorothy Evans (Dolly) half of the net value of all marital party, awarding her sole custody of the parties' children, awarding her $500 per child in monthly support, and $500 per month in maintenance, and denying William M. Evans' (Bill) motion for a new trial. We affirm in part and reverse in part.

We restate the issues as follows:

1. Did the District Court err in adopting the proposed findings and conclusions of one party?

2. Did the District Court err in dividing the marital estate?

3. Did the District Court err in awarding Dolly maintenance?

4. Did the District Court err in awarding Dolly sole custody of the parties' children?

5. Did the District Court err in entering a temporary order for support and maintenance?

2

6.  Did the District Court err in not granting Bill's motion for a new trial?

FACTS

Dolly and Bill were married in September 1990.  A son, Michael, was born to them six months prior to the marriage.  During their marriage, Bill adopted Luke, Dolly's son from a previous marriage.  At the time of trial, Luke was ten years old.

Bill is employed as an air traffic controller in Great Falls. Bill is also a retired Master Sergeant from the United States Air Force and receives disability payments from the Veterans' Administration.  Dolly attended school through the ninth grade and is currently working on her G.E.D.  While married, she primarily remained at home with the children.

The home and two cars comprised the majority of the marital property which was valued by the court at $92,719.  Bill testified to making significant contributions to the marital estate--$50,000 of inheritance and $27,000 from the sale of a house he owned prior to the marriage.

At trial, Dolly testified that during their marriage Bill physically and verbally abused her in front of the children.  Bill admitted to one incident of violence.  Bill claimed Dolly had a chemical dependency problem, had been violent toward the children, and had improperly left the children in the care of others.

Bill filed a petition for dissolution of marriage in Park County on July 2, 1992.  Dolly filed a petition for dissolution of

marriage in Cascade County on June 28, 1994. In July 1994, the two actions were consolidated in the Cascade County District Court. A hearing regarding the temporary orders was held on August 1, 1994. A final hearing was held on December 14, 1994, from which the District Court entered its decree on December 29, 1994. The District Court granted Dolly one-half of the net value of the marital property, sole custody of the children, $500 per child in monthly support, and $500 per month maintenance for three years. Bill moved to amend the decree or, in the alternative, for a new trial. The court denied Bill's motion under Rule 59(d), M.R.Civ.P., by failing to rule. From the District Court's order, its temporary order, and its denial of Bill's motion for new trial, Bill appeals.

ISSUE 1

Did the District Court err in adopting the proposed findings and conclusions of one party?

The District Court requested and was provided proposed findings of fact and conclusions of law from both parties. The court subsequently adopted verbatim those findings and conclusions proposed by Dolly. For that reason, Bill claims the court failed to exercise independent judgment.

We have held that adoption of a party's proposed findings and conclusions is not in itself grounds for reversal. In re Marriage of Purdy (1988), 234 Mont. 502, 764 P.2d 857.

> [I]t is not error for a court to adopt a party's proposed findings and conclusions if they are sufficiently

4

comprehensive and pertinent to the issues to provide a
basis for the decision and are supported by the evidence.

Purdy, 764 P.2d at 858 (citing In re Marriage of Jacobson (1987),
228 Mont. 458, 743 P.2d 1025).

Proposed findings of fact and conclusions of law adopted by
the district court are henceforth the court's own findings and
conclusions and shall be reviewed the same--for clear error of fact
and correctness of law. See Daines v. Knight (1995), 269 Mont.
320, 324, 888 P.2d 904, 906; Kreger v. Francis (Mont. 1995), 898
P.2d 672, 674, 52 St. Rep. 493, 494. In this case, the court's
findings and conclusions were sufficiently comprehensive and
pertinent to the issues and we will not reverse the court's
decision so long as the evidence supports those findings and
conclusions.

## ISSUE 2

Did the District Court err in dividing the marital estate?

In the District Court's decree, Dolly was awarded a car worth
$5,300 and Bill received a truck worth $13,700. The marital estate
totaled $92,719 and Bill was ordered to pay $40,000 to Dolly in
order to equalize the division. The court did not divide Bill's
military retirement nor his disability benefits.

We review a district court's division of marital property to
determine if the district court's findings of fact are clearly
erroneous. In re Marriage of Smith (1995), 270 Mont. 263, 267-68,
891 P.2d 522, 525. In Interstate Production Credit Association v.

5

DeSaye (1991), 250 Mont. 320, 820 P.2d 1285, we adopted a three-part test to determine if a finding is clearly erroneous.

> First, the Court will review the record to see if the findings are supported by substantial evidence. Second, if the findings are supported by substantial evidence, we will determine if the trial court has misapprehended the effect of evidence. Third, if substantial evidence exists and the effect of the evidence has not been misapprehended, the Court may still find that "[a] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed."

DeSaye, 820 P.2d at 1287 (citations omitted).

Bill contends that the District Court's award to Dolly was inequitable considering the length of their marriage, her award of maintenance, and Bill's financial contribution to the estate. In apportioning a marital estate between spouses, a court must consider factors that include the duration of the marriage, occupation and employability, the needs of each party, custodial and maintenance arrangements, and the opportunity for future acquisitions. Section 40-4-202(1), MCA. In addition, the court must consider the contribution of the respective estates and the contribution of a spouse as a homemaker or to the family unit. Section 40-4-202(1), MCA.

The fact remains that the court is empowered by statute to divide the marital property however and whenever acquired and irrespective of which party holds title. Section 40-4-202(1), MCA. We have said that inheritance property may be included in the marital estate so long as the district court applies the factors

6

set forth in § 40-4-202, MCA. In re Marriage of Smith (1994), 264 Mont. 306, 312, 871 P.2d 884, 887-88.

In dividing the parties' equity equally, the court found that Dolly had not worked outside the home during the marriage and had no assets of which to speak. The court further considered the parties' opportunities for acquisition of future assets and found that to be in favor of Bill. The court also found that Dolly had an educational disadvantage since she only had a ninth grade education. There is substantial evidence in the record to support the court's findings and the court did not misapprehend this evidence. We have no conviction that the court committed a mistake in its decision. Therefore, we conclude the District Court did not err in its division of the marital estate.

ISSUE 3

Did the District Court err in awarding Dolly maintenance?

The District Court ordered Bill to pay maintenance to Dolly in the amount of $500 per month for three years. We review a district court's award of maintenance to determine if the findings of fact are clearly erroneous. In re Marriage of Eschenbacher (1992), 253 Mont. 139, 142, 831 P.2d 1353, 1355. As stated above, we use the three-part test set forth in DeSaye, 820 P.2d at 1287, to determine if the court's findings are clearly erroneous.

Bill claims that Dolly has sufficient property and work background to support herself, and the children have no special needs which would preclude her from working. Section 40-4-203(1),

7

MCA, provides that an award of maintenance is appropriate only if the spouse seeking maintenance

> (a) lacks sufficient property to provide for his reasonable needs; and
> (b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

We have disallowed an award of maintenance where the spouse is able to support himself through adequate employment. Marriage of Smith, 891 P.2d at 526. However, in that case, the spouse had two college degrees he obtained prior to the marriage, was talented and well-respected in the fishing industry, and was currently employed with a yearly salary of $18,000. In the present case, the court found that Dolly was unemployed and had not worked outside the home during marriage at Bill's request. In addition, she was currently working on her G.E.D., needed retraining, and had the added responsibility of attending to the children.

Substantial evidence was presented to support the court's award of maintenance and the court did not misapprehend that evidence. We conclude no mistake was made, and therefore, the District Court did not err in its award of maintenance.

ISSUE 4

Did the District Court err in awarding Dolly sole custody of the parties' children?

The District Court granted sole legal and physical custody of the parties' minor children to Dolly. Bill was awarded unsupervised visitation on alternate weekends, extended weekends in

8

the summer, and one-half of all other school vacations. Bill claims the court erred in awarding sole custody because joint custody is presumed in Montana to be in the best interests of the children.

The standard of review for a district court's award of child custody is whether the district court's findings are clearly erroneous. In re Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021. We determine clear error by using the three-part test adopted in DeSaye, 820 P.2d at 1287, and stated above.

In custody disputes, the court shall award custody according to the best interest of the child. Section 40-4-223, MCA. The court must consider the wishes of the child's parents, the wishes of the child, the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest, and physical abuse or threat of physical abuse by one parent against the other parent. Section 40-4-213(1), MCA. Section 40-4-224, MCA, provides that, upon application of either party, the court shall presume joint custody is in the best interest of the child. That presumption may be rebutted, however, if the court finds, under the factors set forth in § 40-4-212, MCA, that joint custody is not in the child's best interest. The statute further provides that "a finding that one parent physically abused the other parent or the

9

child is a sufficient basis for finding that joint custody is not in the best interest of the child." Section 40-4-224(1), MCA.

On August 16, 1994, the District Court issued a temporary order, finding that Bill had a history of violent outbursts, both physical and verbal, directed at Dolly. The court made further findings regarding Dolly's caretaking abilities and the children's needs. There was sufficient evidence in the record to support the court's findings and the court did not misapprehend that evidence. However, in the transcript of the proceedings the court responded to Bill's request for joint custody as follows: "There is no question there is going to be granted joint custody, and legal custody, no question about it." No evidence was produced subsequent to that statement to which the court manifested a change of opinion.

While we in no way condone Bill's abusive behavior, we find significant contradictions in the record regarding the court's intentions in the matter of custody. Accordingly, a review of the record leaves us with the definite and firm conviction that a mistake has been committed, and we vacate and remand to the District Court for further proceedings on the issue of custody.

ISSUE 5

Did the District Court err in entering a temporary order for support and maintenance?

On June 28, 1994, Dolly filed a motion requesting a temporary order of maintenance and support. The District Court granted

10

Dolly's motion and set a hearing for August 1 so that Bill could show cause, if any, why the temporary order should not continue through pendency of the trial. Dolly's motion and the court's temporary order and order to show cause were served on Bill on June 29, 1994. Bill failed to comply with the order requiring him to pay support and maintenance. At the hearing and on appeal, Bill contends his due process was violated because he did not receive notice of Dolly's motion prior to the court's issuance of the temporary order.

In In re Marriage of Houtchens (1979), 181 Mont. 70, 75, 592 P.2d 158, 161, we stated that "a motion is but an application for an order. A motion is not a pleading and does not require responsive pleadings." Dolly moved for an order granting her temporary maintenance and child support pursuant to § 40-4-121, MCA. Her motion was accompanied by an affidavit, as required by § 40-4-121(1), MCA, setting forth the factual basis for the motion and the amounts requested. In a previous decision of this Court where no notice was given prior to the district court's grant of a motion, we concluded "the court's action caused no prejudice to the defendants and therefore, we shall not address the question." Knoepke v. Southwestern Ry. Co. (1980), 190 Mont. 238, 246, 620 P.2d 1185, 1189.

An attorney's certification was filed along with Dolly's motion noting that Bill had not been given notice and had not yet retained counsel. The court granted Dolly's motion based on its

11

content and the accompanying affidavit as required by statute. We further note that § 40-4-121(1), MCA, does not set forth a requirement that notice be given for a temporary order of maintenance and support. Bill was notified of the issuance of the court's temporary order and the hearing set approximately one month later where Bill was provided with the opportunity to contest the order. We conclude Bill was not prejudiced by a lack of notice, and therefore, the District Court did not err in granting Dolly's motion for temporary support and maintenance.

## ISSUE 6

Did the District Court err in not granting Bill's motion for a new trial?

Bill moved the court for a new trial or amendment of findings. The court failed to reply and so the motion was deemed denied after the passage of forty-five days. See Rule 59(d), M.R.Civ.P. We review a district court's denial of a motion for new trial for a manifest abuse of discretion. Baxter v. Archie Cochrane Motors, Inc. (Mont. 1995), 893 P.2d 337, 339, 52 St. Rep. 444, 444.

Bill argues that one of his witnesses was not available during the hearing because she had been hospitalized at the time of trial. Bill did not submit any evidence of her testimony at trial. The witness's affidavit was filed with Bill's motion for new trial. The witness stated in her affidavit that she did not smell alcohol when she observed Dolly's unusual appearance and behavior. He claims that her testimony would concern a new area of chemical

12

abuse on the part of Dolly and would provide further evidence of Dolly's physical abuse toward the children.

At trial, Bill presented testimony of the alleged chemical dependency and physical abusiveness. The proposed evidence is therefore cumulative and the District Court did not abuse its discretion in denying a new trial. We conclude that the District Court did not err in refusing to grant Bill's motion for new trial.

In summary, we vacate and remand to the District Court for further proceedings on the issue of custody, and we affirm the remainder.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

13