FILED

09/16/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0737

DA 24-0737

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 211

IN RE THE MARRIAGE OF

THERESA SALOIS,

       Petitioner and Appellee,

  and

SHAY ARMSTRONG,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DR-23-438
                Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Adrienne M. Tranel, AT Legal PC, Missoula, Montana

      For Appellee:

          Kyle D. Cunningham, Cunningham Law Office, Missoula, Montana

Submitted on Briefs:  July 30, 2025

Decided:  September 16, 2025

Filed:

_____
                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Shay Armstrong appeals the Fourth Judicial District Court's award of attorney's fees to Theresa Salois in its decree dissolving the parties' marriage. Shay argues that the District Court failed to show that its award was necessary, reasonable, and based on competent evidence. Because the District Court failed to apply the law governing attorney's fees in dissolution proceedings or to ground the award of fees in substantial record evidence, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     Shay and Theresa married in 2016 in St. Mary, Montana. Together, Theresa and Shay owned and resided in their marital home with their four children. Earlier in the marriage, Theresa's primary role was caring for their children, but she has since become a surgical nurse earning approximately $2,990 per month. Shay earns approximately $7,250 per month as a carpenter.

¶3     In July 2023, Theresa petitioned for a dissolution of marriage. The District Court held a bench trial in September 2023 and issued its Decree two months later. In its Decree, the District Court divided the marital estate, adopted a parenting plan, and ordered Shay to pay child support, spousal maintenance, and Theresa's attorney's fees. As part of the equitable division of property, Theresa received a proportionate share of Shay's retirement and half of the marital home's equity—approximately $148,377—in exchange for Shay retaining residence in the home. Shay retained responsibility for all debt associated with the home. Shay appealed, and the parties reached partial resolution at appellate mediation.

2

The sole issue remaining on appeal is whether the District Court properly awarded Theresa her attorney's fees.

¶4 At trial, Theresa testified that she owed her attorney approximately $2,000 and that her fees would increase after that day's hearing. When her counsel asked whether she should be responsible for her attorney's fees, Theresa said, "I can be responsible." Shay testified that although he was current on his attorney's fees, he was able to pay only by borrowing funds from his parents. There was no other evidence on attorney's fees.

¶5 The District Court found, "Shay has been able to pay his attorney's fees throughout the case. Theresa has not. Theresa's request for attorney's fees should be granted." Without reference to authority or further explanation, the District Court concluded, "Theresa should be granted her attorney's fees. Shay should be responsible for his attorney's fees." The court directed Theresa's counsel to file a memorandum of fees and costs and set a schedule for consideration.

¶6 We review an award of attorney's fees in a dissolution proceeding for abuse of discretion. *Pfeifer v. Pfeifer*, 282 Mont. 461, 465, 938 P.2d 684, 687 (1997). A district court abuses its discretion if it "exercises granted discretion based on a mistake of law, erroneous finding of material fact, or otherwise acts arbitrarily, without conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *City of Bozeman v. Howard*, 2021 MT 230, ¶ 9, 405 Mont. 321, 495 P.3d 72 (quoting *City of Bozeman v. McCarthy*, 2019 MT 209, ¶ 12, 397 Mont. 134, 447 P.3d 1048). Absent an

abuse of discretion, this Court will not disturb an award of attorney's fees. *Schmieding v. Schmieding*, 2000 MT 237, ¶ 22, 301 Mont. 336, 9 P.3d 52.

## DISCUSSION

¶7 *Whether the District Court properly awarded attorney's fees and costs to Theresa.*

¶8 After considering the parties' financial positions, a district court may "order a party to pay a reasonable amount for the cost to the other party of maintaining or defending" a dissolution proceeding. Section 40-4-110, MCA; *Schmieding*, ¶ 25. The purpose underlying § 40-4-110, MCA is to ensure that parties have "equitable access to marital financial resources for costs incurred before, during, and after" proceedings. Section 40-4-110, MCA. Under this statute, an award must be "reasonable, necessary, and based on competent evidence." *In re Marriage of Crowley*, 2014 MT 42, ¶ 52, 374 Mont. 48, 318 P.3d 1031 (quoting *In re Marriage of Harkin*, 2000 MT 105, ¶ 72, 299 Mont. 298, 999 P.2d 969); *see also Schmieding*, ¶ 25.

¶9 Shay argues that the District Court abused its discretion when it did not make specific findings on the award's necessity, reasonableness, or basis in competent evidence. Theresa contends that the District Court considered and made findings on the parties' relative financial positions when it divided the marital estate and this alone was sufficient to support the award of attorney's fees.

¶10 Necessity is a "prerequisite for an award of attorney's fees." *In re Marriage of Meeks*, 276 Mont. 237, 250, 915 P.2d 831, 839 (1996) (citations omitted). When reviewing the sufficiency of a district court's findings, this Court considers the findings as a whole

rather than in isolation. *Schmieding*, ¶ 26. Factors considered to determine whether an award of attorney's fees is necessary are: "(1) the requesting party's inability to pay her own attorney fees; (2) the other party's ability to pay attorney fees; and (3) the relative financial position of the parties." *Schmieding,* ¶ 26. A district court may not summarily conclude that there is necessity without providing factual findings supporting its conclusion. *Schmieding*, ¶ 26.

¶11 A requesting party must first "demonstrate an inability to pay [his or] her own attorney's fees." *In re Marriage of Steinbeisser*, 2002 MT 309, ¶ 59, 313 Mont. 74, 60 P.3d 441; *Schmieding*, ¶ 27; *In re Marriage of Smith*, 264 Mont. 306, 313, 871 P.2d 884, 888 (1994); *In re Marriage of Barnard*, 264 Mont. 103, 109, 870 P.2d 91, 95 (1994). Theresa did not make a request for attorney's fees prior to or during trial. It was not until she submitted her Proposed Findings of Fact and Conclusions of Law that her request became apparent. Although Theresa testified that she was not current on her attorney's fees, she also testified that she would take responsibility for her own attorney's fees. She offered no other evidence of her inability to pay attorney's fees. And though Shay testified he was current on his attorney's fees, he explained that his parents had paid them.

¶12 The District Court found that "Shay has been able to pay his attorney's fees throughout the case. Theresa has not." It also found that Theresa earned approximately $2,990 per month, and Shay earned approximately $7,250 per month. The District Court ordered Shay to pay Theresa half of the marital home's equity, a portion of Shay's retirement and pension, $500 per month in spousal maintenance, and child support. The

5

District Court did not make findings addressing the parties' ability to pay attorney's fees, or lack thereof, or explain why their relative financial positions in light of the division of the marital estate justified its decision.

¶13 A district court's perfunctory treatment of the parties' financial positions when awarding attorney's fees is an "insufficient basis" to determine necessity. *Pfeifer*, 282 Mont. at 466-67, 938 P.2d at 688. The District Court is required to consider the parties' relative financial positions and provide findings supporting its conclusion that an award of fees is necessary. *Pfeifer*, 282 Mont. at 466-67, 938 P.2d at 688; *In re Marriage of Dennison*, 2006 MT 56, ¶¶ 24-26, 331 Mont. 315, 132 P.3d 535; *In re Marriage of Harkin*, ¶¶ 75-76.

¶14 *Pfeifer* is instructive. In *Pfeifer*, the district court found that "after considering the financial resources of both parties," an award of attorney's fees was proper. 282 Mont. at 466-67, 938 P.2d at 688. The court made no findings connecting its consideration of the parties' relative financial positions to its award. *Pfeifer*, 282 Mont. at 466-67, 938 P.2d at 688. On review of the record, this Court also found no clarification as to how the relative financial positions of the parties "[led] to, and support[ed], the court's conclusion." *Pfiefer*, 282 Mont. at 466-67, 938 P.2d at 688.

¶15 The cases Theresa offers in support of her argument are unavailing. Theresa cites *Schmieding v. Schmieding*, 2000 MT 237, 301 Mont. 336, 9 P.3d 52, and *In re Marriage of Caras*, 2012 MT 25, 364 Mont. 32, 270 P.3d 48, arguing that this Court approves of a "holistic approach" when considering the parties' financial positions and awarding

attorney's fees. As an initial matter, this argument overstates *Schmieding*'s holding. There, this Court concluded that the district court did not abuse its discretion because its findings on the parties' disparate financial positions provided a "compelling reason" to award attorney's fees. *Schmieding*, ¶¶ 33-34. We qualified that holding, however, noting that it would have been better practice for the district court to "delineate its factual reasons for awarding one party its attorney fees." *Schmieding*, ¶¶ 33-34.

¶16 Theresa points us to *In re Marriage of Caras* because we did not find an abuse of discretion when the district court concluded that the parties' disparities in income supported an award of attorney's fees as necessary and reasonable. The district court's conclusion, however, was only part of its basis for awarding attorney's fees and only part of this Court's reasoning for not finding an abuse of discretion. Both in *In re Marriage of Caras* and in *Schmieding*, the district court awarded fees after detailed findings on the parties' financial positions. *Schmieding*, ¶¶ 15-21, 30, 33-34 (finding that the wife's monthly income did not cover her monthly expenses; the husband made more than five times his wife and made no argument he could not pay her attorney's fees; and the husband had the ability to accrue substantial assets, while the wife did not); *In re Marriage of Caras*, ¶ 49 (noting that the wife's first attorneys had placed a lien on her cabin for $30,000; with a second attorney, the wife had accrued $31,405.89 in attorney's fees; and her income was nearly one-tenth of her husband's).

¶17 A further distinguishing feature in *In re Marriage of Caras* was the district court's recognition of the legal standards granting fee awards under § 40-4-110, MCA. *In re*

*Marriage of Caras*, ¶ 49. And under this legal standard, this Court has developed a set of factors a district court is to consider when determining the propriety of awarding attorney's fees. *See Schmieding*, ¶¶ 26-31; *In re J.K.N.A.*, 2019 MT 286, ¶ 51, 398 Mont. 72, 454 P.3d 642; *In re Marriage of Bee*, 2002 MT 49, ¶ 42, 309 Mont. 34, 43 P.3d 903. Presence of these factors in a district court's findings, with support in the record, forms a sufficient basis for the conclusion that an award of attorney's fees is necessary.

¶18 We have upheld a fee award when the district court's overall findings and substantial evidence supported its conclusion, *see generally Schmieding*, 2000 MT 237, 301 Mont. 336, 9 P.3d 52, but it still must make factual findings leading to its conclusion that the award was necessary, reasonable, and based on competent evidence. *In re J.K.N.A.*, ¶ 50; *In re Marriage of Steinbeisser*, ¶ 58. Substantial evidence must support those findings. *Pfeifer*, 282 Mont. at 466-67, 938 P.2d 687, 688; *In re Marriage of Dennison*, ¶¶ 24-26; *In re Marriage of Harkin*, ¶¶ 75-76.[1]

¶19 The District Court's award was neither based on competent evidence nor supported by findings that showed its necessity. The District Court's only finding was that "Shay has been able to pay his attorney's fees throughout the case. Theresa has not." The District Court overlooked Shay's inability to pay without borrowing money from his parents.

---

[1] In *In re Marriage of Wengeler*, 219 Mont. 452, 455, 712 P.2d 1336, 1338 (1986), the wife testified that her current husband would help her pay her attorney's fees, that she felt an obligation to pay, and that she would pay the fees. With little discussion of the record, we upheld the award of fees to the wife on the basis that substantial evidence supported the district court's conclusion that she did not have the means to pay her attorney's fees. *In re Marriage of Wengeler*, 219 Mont. at 455, 712 P.2d at 1338. The case has little value to our consideration here, as it predated the development of the factors governing an award of fees and the findings required to support an award.

Because there was not substantial evidence that Shay could pay his own attorney's fees, the District Court erred as to a material fact when it concluded he was able to also pay Theresa's. Like in *In re Marriage of Caras*, the parties here have disparity in their income, but unlike in *In re Marriage of Caras*, the District Court did not find or explain that one party's financial position compelled an award of attorney's fees. "Findings must be sufficient . . . to permit review without speculation into a district court's reasoning." *In re Marriage of Crowley*, ¶ 26 (citation omitted).

¶20 The District Court also did not apply the legal standards governing fee awards in dissolution actions. We have no way of ascertaining the District Court's grounds for awarding attorney's fees because it cited neither fact nor law to support its conclusion that fees should be awarded. Considering what is contained in the record and stated in the Decree, the District Court's award of attorney's fees to Theresa was without adequate support and therefore an abuse of discretion.

## CONCLUSION

¶21 The District Court abused its discretion when it awarded attorney's fees to Theresa because it failed to ground the award in substantial record evidence or to apply governing legal standards. Its award of fees in the Decree of Dissolution is reversed.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON

9